UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BRYAN HUGHES,

    Plaintiff,

v.                                CIVIL ACTION NO. 2:24-cv-00319

CARTIVA, INC.,

    Defendant.

## ORDER

Pending is the Parties' Joint Motion to Amend Scheduling Order [Doc. 75], filed July 11, 2025. Pursuant to *Federal Rule of Civil Procedure* 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also* L.R. Civ. P. 16.1(f)(1) ("Time limits in the scheduling order for . . . completion of discovery . . . may be modified for good cause by order."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

The good cause requirement reduces to one word, namely, diligence. *Montgomery v. Anne Arundel Cnty., Maryland*, 182 F. App'x 156, 162 (4th Cir. 2006). The requirement is stated similarly as follows:

> Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

*Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal citations omitted).

While the parties seek an amendment to the Scheduling Order to allow additional time for discovery and depositions, the current justification lacks the specificity required to establish "good cause" under Federal Rule of Civil Procedure 16(b). The rule requires a showing that the

existing deadlines cannot reasonably be met despite the diligence of the parties. General references to "scheduling conflicts" and the need to "accommodate witness and counsel schedules," without identifying the specific witnesses, dates, or circumstances that necessitated the rescheduling, do not sufficiently demonstrate that the parties have been unable to comply with the current schedule through reasonable effort.

Moreover, the parties' request does not detail what discovery remains outstanding, how those outstanding matters are material to expert disclosures, or why the depositions could not have been completed within the time frame already provided. Without a more concrete showing of diligence and an explanation of the specific impediments encountered, the Court is unable to conclude that good cause exists to grant the requested extension. Accordingly, a more particularized explanation should be provided to satisfy the applicable standard.

The Court **FINDS** that the parties have failed to demonstrate good cause for modifying the Court's scheduling order. Accordingly, the parties' joint motion is **DENIED** [**Doc. 75**].

The Clerk is directed to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER:       July 14, 2025



Frank W. Volk
Chief United States District Judge